UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| C.A.M.,<br><br>    Plaintiff,<br><br> v.<br><br>ANDREW M. SAUL, Commissioner<br>of the Social Security<br>Administration,[2]<br><br>    Defendant. | Case No. EDCV 18-01725-AS[1]<br><br>**ORDER DISMISSING ACTION**<br><br>**WITH PREJUDICE** |

  For the reasons discussed below, IT IS HEREBY ORDERED that this action is dismissed with prejudice for failure to comply with Court Orders and for failure to prosecute.

---

[1]  The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 13-14).

[2]  Andrew M. Saul, the Commissioner of the Social Security Administration, is substituted for his predecessor. See 42 U.S.C. § 405(g); Fed.R.Civ.P. 25(d).

# I.   INTRODUCTION

On August 17, 2018, Plaintiff C.A.M. ("Plaintiff"), by and through guardian ad litem Carolyn Givan Medina, filed a Complaint for Review of Social Security Decision.  (Docket Entry Nos. 1-2, 8).

On the same date, the Court issued an Order re: Procedures in Social Security Appeal.  (Docket Entry No. 11).

On February 4, 2019,  Defendant filed an Answer and the Certified Administrative Record.  (Docket Entry Nos. 21-22).

On April 15, 2019 and May 23, 2019, the Court issued Orders granting the parties' requests for additional time to file their joint stipulation.  (Docket Entry Nos. 24, 26).

On June 25, 2019, the Court granted Plaintiff's counsel's motion to withdraw as counsel for Plaintiff and gave Plaintiff, by and through guardian ad litem Carolyn Givan Medina, thirty days to retain substitute counsel.  (Docket Entry No. 32).

On August 29, 2019, the Court granted the request by Plaintiff, by and through guardian ad litem Carolyn Givan Medina, to proceed *pro se*, and ordered Plaintiff to file "a motion for summary judgment within 45 days of service of Defendant's Answer and the Certified Administrative Record."  (Docket Entry No. 36).  On the same date, Defendant filed a

notice regarding service of the answer and certified administrative record on Plaintiff's guardian ad litem. (Docket Entry No. 35).

On October 22, 2019, the Court, noting that Plaintiff had failed to file the required motion for summary judgment by October 14, 2019 (45 days after the service of Defendant's Answer and the Certified Administrative Record on August 29, 2019), issued an Order to Show Cause why this action should not be dismissed for lack of prosecution. (Docket Entry No. 37). The Court advised Plaintiff that she could discharge the Order to Show Cause by filing, no later than November 12, 2019, a motion for summary judgment. (Id. at 2). The Court expressly warned Plaintiff that the failure to timely respond to the Order to Show Cause might result in the dismissal of this action with prejudice for failure to comply with Court orders and for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Id.

On December 11, 2019, the Court held a telephone conference during which Plaintiff acknowledged receipt of Defendant's Answer and the Certified Administrative Record and requested additional time to file a motion for summary judgment. The Court issued an Order Vacating the Order to Show Cause and Granting Plaintiff Additional Time to File Motion for Summary Judgment. (Docket Entry No. 39). Plaintiff was directed to file her motion for summary judgment no later than March 5, 2020 and warned that failure to file a timely motion for summary judgment might result in the dismissal of this action with prejudice for failure to comply with the Court's Orders and for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). (Id.).

On March 10, 2020, the Court, noting that Plaintiff had failed to file the motion for summary judgment or request an extension of time to do so, issued an Order to Show Cause why this action should not be dismissed for failure to comply with the Court's Orders and for failure to prosecute. (Docket Entry No. 40). The Court advised Plaintiff that she could discharge the Order to Show Cause by filing, no later than March 24, 2020, the motion for summary judgment and expressly warned that failure to respond to the Order to Show Cause would result in an Order dismissing this action with prejudice for her failure to comply with Court orders and for her failure to prosecute pursuant to Fed.R.Civ.P. 41(b). (Id.).

When Plaintiff failed to file a motion for summary judgment or respond to the Court's March 10, 2020 Order to Show Cause, the Court, on April 6, 2020, issued a Second Order to Show Cause why this action should not be dismissed for failure to obey Court orders and for failure to prosecute. (Docket Entry No. 41). Plaintiff was again advised that she could discharge the Second Order to Show Cause by filing a motion for summary judgment no later than April 27, 2020 and expressly warned that her failure to respond to the Second Order to Show Cause would result in an Order dismissing this action with prejudice for her failure to comply with Court orders and for her failure to prosecute pursuant to Fed.R.Civ.P. 41(b). (Id.).

To date, Plaintiff has failed to file the required motion for summary judgment, or seek an additional extension of time to do so.
//
//

## II. DISCUSSION

The district court may dismiss an action for failure to comply with a court order and for failure to prosecute. See Fed.R.Civ.P. 41(b)[3]; Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted."); Pagtalunan v. Galaza, 291 F.3d 639, 641-45 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions, including, where appropriate, . . . dismissal of a case.'")(citation omitted).

In determining whether to dismiss a case for failure to comply with a court order or for failure to prosecute, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of

---

[3] Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). "[W]hereas the plain language of Rule 41(b) suggests that [involuntary] dismissals may only result from a defendant's motion, . . . courts may dismiss under Rule 41(b) sua sponte . . . ." Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962) ("Neither the permissive language of . . . Rule [41(b)] — which merely authorizes a motion by the defendant — nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

cases on their merits."[4]  Pagtalunan, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1260-61).

"[The Ninth Circuit] 'may affirm dismissal where at least four factors support dismissal . . . or where at least three factors "strongly" support dismissal.'" Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)(quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). As set forth below, the Court finds that four of the five factors strongly weigh in favor of dismissal.

**A.    The Factors Support Dismissal**

**1.    The Public's Interest In Expeditious Resolution Of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642 (9th Cir. 2002)(quoting Yourish, supra)(internal quotation omitted). Since Plaintiff has failed to file a motion for summary judgment for almost 7 months (her motion for summary judgment was originally due to be filed by October 14, 2019), this factor weighs in favor of dismissal. See Pagtalunan, supra (finding Plaintiff's failure to pursue the case for almost four months weighed in favor of dismissal).

---

[4] "These factors 'are not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)(quoting Valley Eng'rs, Inc. v. Elect. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

### 2.     The Court's Need To Manage Its Docket

The second factor -- the Court's need to manage its docket -- similarly weighs in favor of dismissal. Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.2d at 1261. Thus, the second factor focuses on whether a particular case has "consumed... time that could have been devoted to other cases on the [court's] docket." See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004)("[R]esources continue to be consumed by a case sitting idly on the court's docket.").

The Court has issued three Orders to Show Cause (see Docket Entry No. 37 [October 22, 2019 Order to Show Cause, which was vacated on December 12, 2019, see Docket Entry No. 39]; Docket Entry No. 40 [March 10, 2020 Order to Show Cause]; Docket Entry No. 41 [April 6, 2020 Second Order to Show Cause]), extended the time for Plaintiff to file her motion for summary judgment (see Docket Entry No. 39), and repeatedly warned Plaintiff that her failure to file her motion for summary judgment would result in the dismissal of her action (see Docket Entry Nos. 40-41). Yet, Plaintiff still has not filed a proper motion for summary judgment.

Plaintiff's inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. The Court has expended valuable time providing Plaintiff with opportunities to file her motion for summary judgment. As a result, Plaintiff's case has "consumed . . . time that

could have been devoted to other cases on the [court's] docket." See Pagtalunan, 291 F.3d at 642. The Court cannot continue to spend valuable resources attempting to move forward a case that Plaintiff does not wish to expeditiously pursue. Consequently, the Court's need to manage its docket favors dismissal.

### 3. The Risk Of Prejudice To Defendant

The third factor -- the risk of prejudice to the defendant -- also favors dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006)(quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). When considering prejudice, "the failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay." In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) (quoting Anderson v. Air West, Inc., 542 F,2d 522, 524 (9th Cir. 1976); see also Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default.").

Here, Plaintiff has not proffered an excuse for her failure to comply with the Court's Orders and for her failure to prosecute since the telephone conference on December 11, 2019, see In re Phenylpropanolamine (PPA) Prod. Liab. Litig., supra ("The law . . . presumes prejudice from unreasonable delay."), and Plaintiff has not

communicated with the Court in almost 5 months. Given the length of the delay and the absence of any explanation for the delay, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable. Accordingly, prejudice is presumed and weighs in favor of dismissal.

**4. Availability Of Less Drastic Alternatives**

A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132, n.1 (9th Cir. 1987); Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")(citations omitted).

Here, the Court has considered and implemented less drastic alternatives prior to dismissal. The Court's Orders explicitly warned Plaintiff that her failure to file her motion for summary judgment could result in the dismissal of her case (Docket Entry 39) and *would* result in the dismissal of her case (Docket Entry Nos. 40-41). The Court's October 22, 2019 Order, which was subsequently vacated, also explicitly warned Plaintiff that her failure to file her motion for summary judgment could result in the dismissal of her case. (Docket Entry No. 37). Thus, Plaintiff is well aware that her failure to file a proper motion for summary judgment or respond to the Court's Orders

9

would result in the dismissal of the action with prejudice for failure to comply with Court Orders and for failure to prosecute. On this record, the Court finds that Plaintiff has lost interest in her own action, and any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failures to obey Court Orders and to prosecute.

**5. Public Policy Favoring Disposition On The Merits**

The fifth factor -- the public policy favoring the disposition of cases on their merits -- ordinarily, as here, weighs against dismissal. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward towards a resolution on the merits." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228. Accordingly, "this factor 'lends little support' to a party [such as Plaintiff,] whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id.; see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."

**B.  Dismissal of this Action Under Rule 41(b) is Appropriate**

As discussed above, four of the five Rule 41(b) factors strongly weigh in favor of dismissal, whereas only one Rule 41(b) factor (at

best) slightly weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other factors weigh in its favor." Rio Prop., Inc. V. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002); see also Yourish, 191 F.3d at 990 ("We may affirm a dismissal where at least four factors support dismissal or where at least three factors strongly support dismissal.").

Since this case does not fall into one of the three exceptions set forth in Rule 41(b), namely, lack of jurisdiction, improper venue, or failure to join a party under Rule 19, dismissal of this action will operate as an adjudication on the merits. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002)(dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001)(dismissal for failure to prosecute is treated as an adjudication on the merits)(citation omitted).

Given the procedural history of this case, including the Court's repeated warnings to Plaintiff about the possibility of dismissal with prejudice, the pending action should be dismissed with prejudice.
//
//
//

**III.  ORDER**

For the foregoing reasons, IT IS ORDERED that Judgment is entered dismissing this action with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 11, 2020

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
